THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| UNITED STATES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASPECTS FURNITURE ) <br> MANUFACTURING, INC.; ASPECTS ) <br> FURNITURE INTERNATIONAL, INC.; ) <br> HOSPITALITY ENGINEERING ) <br> SERVICES, INC.; AMY AMPHAY ) <br> SIVIXAY, ) <br> ) <br> Defendants. ) <br> ) | Court No. 25-00089 |

## ANSWERS, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, AND DEMAND FOR JURY TRIAL

Defendants, Aspects Furniture Manufacturing, Inc. ("AFM"), Hospitality Engineering Services, Inc. ("Hospitality"), and Amy Amphay Sivixay ("Amy Sivixay"), by their undersigned attorney, answers Plaintiff's Complaint as follows:

1. Denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff seeks duties and additional pre- and post-judgment interest allegedly owed.

2. Admits the allegations contained in Paragraph 2 of the Complaint.

3. Admits the allegations contained in Paragraph 3 of the Complaint.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Admits the allegations contained in Paragraph 5 of the Complaint.

1

6. Admits the allegations contained in Paragraph 6 of the Complaint.

7. Admits the allegations contained in Paragraph 7 of the Complaint.

8. Admits the allegations contained in Paragraph 8 of the Complaint. Avers that containers contained a mixture of furniture types and fixtures.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

10. Admits the allegations contained in Paragraph 10 of the Complaint.

11. Admits the allegations contained in Paragraph 11 of the Complaint.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Admits the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

15. Admits the allegations contained in Paragraph 15 of the Complaint.

16. Admits the allegations contained in Paragraph 16 of the Complaint.

I. As to Heading I of the Complaint (Defendants Divert Assets Away From AFM), Defendants deny the allegations

17. Admits AFI listed a residential address belonging to Amy Sivixay's address. As to the remaining allegations contained in Paragraph 17 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

18. Admits the allegations contained in Paragraph 18 of the Complaint.

19. Admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20. To the extent a response to this allegation is required, Defendants deny.

21. Admits that AFI continued use of assets in the Purchase Agreement. As to the remaining allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21. To the extent a response to this allegation is required, Defendants deny.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22. To the extent a response to this allegation is required, Defendants deny.

23. Admits the allegations contained in Paragraph 23 of the Complaint.

24. As to the allegation that Amy Sivixay continued to exercise substantial control over the assets and operations of AFI, Defendants deny. Defendants admit that Amy Sivixay continued to exercise substantial control over the assets and operations over AFM. As to the remaining allegations in Paragraph 24, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

25. Admits the allegations contained in Paragraph 25 of the Complaint.

26. Admits the allegations contained in Paragraph 26 of the Complaint.

27. Admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28. To the extent a response to this allegation is required, Defendants deny.

29. Admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny that Amy Sivixay exercised control over AFI's bank accounts. As to the remaining allegation in Paragraph 30, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

II. As to Heading II of the Complaint (Defendants Divert Assets Away From AFI), Defendants deny the allegations.

31. Admits the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Admits the allegations contained in Paragraph 33 of the Complaint.

34. Admits the allegations contained in Paragraph 34 of the Complaint.

35. Admits the allegations contained in Paragraph 35 of the Complaint.

36. As it pertains to Paragraph 36, Denies that AFI made payments only to Hospitality for "professional services as stated in the Purchase Agreement for "professional services." Avers that payments were also made to AFM.

37. Admits the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendants admit that Hospitality has no public website. As to the remaining allegation in Paragraph 39, Defendants deny.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

III. As to Heading III of the Complaint (Liquidation of Group I Entries and Duties Owed to the United States), Defendants deny the allegations.

42. Admits the allegations contained in Paragraph 42 of the Complaint.

43. Admits the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint, except admits that Plaintiff seeks duties and additional pre- and post-judgment interest allegedly owed.

45. Admits the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

IV. As to Heading IV of the Complaint (Liquidation of Group II Entries and Duties Owed to the United States), Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47. To the extent a response to this allegation is required, Defendants deny.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48. To the extent a response to this allegation is required, Defendants deny.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49. To the extent a response to this allegation is required, Defendants deny.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50. To the extent a response to this allegation is required, Defendants deny.

51. Admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52. To the extent a response to this allegation is required, Defendants deny.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53. To the extent a response to this allegation is required, Defendants deny.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54. To the extent a response to this allegation is required, Defendants deny.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55. To the extent a response to this allegation is required, Defendants deny.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56. To the extent a response to this allegation is required, Defendants deny.

V.  As to Heading V of the Complaint (Liquidation of Group III Entries and Duties Owed to the United States), Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57. To the extent a response to this allegation is required, Defendants deny.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58. To the extent a response to this allegation is required, Defendants deny.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59. To the extent a response to this allegation is required, Defendants deny.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60. To the extent a response to this allegation is required, Defendants deny.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61. To the extent a response to this allegation is required, Defendants deny.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62. To the extent a response to this allegation is required, Defendants deny.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63. To the extent a response to this allegation is required, Defendants deny.

## COUNT 1

As to heading AFM Is Liable for Duties Assessed On Group I Entries As The Importer Of Record, Defendants deny the allegations.

64. Denies the allegations contained in Paragraph 64 of the Complaint.

65. Denies the allegations contained in Paragraph 65 of the Complaint, except admits that Plaintiff seeks duties and additional pre- and post-judgment interest allegedly owed.

66. Admits the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint states legal conclusions to which no response is required. To the extent a response to this allegation is required, Defendants deny.

69. Denies the allegations contained in Paragraph 69 of the Complaint.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

## COUNT 2

As to heading AFI Is Liable For Duties Assessed on Group II Entities As The Importer Of Record, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

71. Denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72. To the extent a response to this allegation is required, Defendants deny.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73. To the extent a response to this allegation is required, Defendants deny.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74. To the extent a response to this allegation is required, Defendants deny.

75. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75. To the extent a response to this allegation is required, Defendants deny.

76. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76. To the extent a response to this allegation is required, Defendants deny.

77. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77. To the extent a response to this allegation is required, Defendants deny.

## **COUNT 3**

As to heading AFI Is Liable For Duties Assessed on Group III Entries As The Importer Of Record, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

78. Denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79. To the extent a response to this allegation is required, Defendants deny.

80. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80. To the extent a response to this allegation is required, Defendants deny.

81. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81. To the extent a response to this allegation is required, Defendants deny.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82. To the extent a response to this allegation is required, Defendants deny.

83. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83. To the extent a response to this allegation is required, Defendants deny.

84. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84. To the extent a response to this allegation is required, Defendants deny.

## **COUNT 4**

As to heading AFI Is Liable For Duties Assessed On Group I Entries as AFM's Successor-In-Interest, Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent a response to this allegation is required, Defendants deny.

85. Denies the allegations contained in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint states legal conclusions to which no response is required. To the extent a response to this allegation is required, Defendants deny.

87. Paragraph 87 of the Complaint states legal conclusions to which no response is required. To the extent a response to this allegation is required, Defendants deny.

88. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88. To the extent a response to this allegation is required, Defendants deny.

89. Admits that AFI continued use of assets in the Purchase Agreement. As to the remaining allegations in Paragraph 90, Defendants deny.

90. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90. To the extent a response to this allegation is required, Defendants deny.

91. Denies the allegations contained in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint states legal conclusions to which no response is required. To the extent a response to this allegation is required, Defendants deny.

93. Denies the allegations contained in Paragraph 93 of the Complaint.

94. Denies the allegations contained in Paragraph 94 of the Complaint.

95. Denies the allegations contained in Paragraph 95 of the Complaint.

96. Admits the allegations contained in Paragraph 96 of the Complaint.

97. Denies the allegations contained in Paragraph 97 of the Complaint.

98. Admits the allegations contained in Paragraph 98 of the Complaint.

99. Denies the allegations contained in Paragraph 99 of the Complaint. Avers that AFM received a check amounting to $148,515.94 for consideration.

100. Denies the allegations contained in Paragraph 100 of the Complaint. Avers that AFM received payments for engineering services before Hospitality was created.

101. Paragraph 101 of the Complaint states legal conclusions to which no response is required. To the extent a response to this allegation is required, Defendants deny.

## COUNT 5

As to heading Amy Sivixay Is Personally Liable for Duties Assessed On The Group I, Group II, and Group III Entries Under a Veil-Piercing And/Or Alter Ego Theory, Defendants deny the allegations.

102. Denies the allegations contained in Paragraph 102 of the Complaint.

103. Denies the allegations contained in Paragraph 103 of the Complaint.

104. Denies the allegations contained in Paragraph 104 of the Complaint.

105. Admits the allegations contained in Paragraph 105 of the Complaint.

106. Denies the allegations contained in Paragraph 106 of the Complaint.

107. As it pertains to Paragraph 107, Admits that Amy Sivixay's residential address was used in establishing AFI's IOR. Denies that Amy Sivixay's residential address was necessary for AFI to continue AFM's importing business after the asset sale.

108. Denies the allegations contained in Paragraph 108 of the Complaint.

109. Admits the allegations contained in Paragraph 109 of the Complaint.

110. As it pertains to Paragraph 110, admits that Hospitality has no website or publicly advertised corporate identity. Denies that Hospitality has no reputation.

111. Denies the allegations contained in Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint states legal conclusions to which no response is required. To the extent a response to this allegation is required, Defendants deny.

113. Denies that AFM disregarded corporate formalities. Regarding the remaining allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113. To the extent a response to this allegation is required, Defendants deny.

114. Denies that AFM disregarded corporate formalities. Regarding the remaining allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114. To the extent a response to this allegation is required, Defendants deny.

115. As it pertains to Paragraph 115, Admits that Amy Sivixay exercised dominant control over the activities of AFM and Hospitality. Denies that Amy Sivixay exercised dominant control over the activities of AFI.

116. Admits the allegations contained in Paragraph 116 of the Complaint.

117. Admits the allegations contained in Paragraph 117 of the Complaint.

118. Admits the allegations contained in Paragraph 118 of the Complaint.

119. As it pertains to Paragraph 119, admits that Brandon Sivixay was identified as AFI's Vice President and Director. Regarding the remaining allegation, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120. Denies the allegations contained in Paragraph 120 of the Complaint.

121. Denies the allegations contained in Paragraph 121 of the Complaint.

122. Denies the allegations contained in Paragraph 122 of the Complaint.

## COUNT 6

As to heading Hospitality Is Liable for Duties Assessed On The Group I, Group II, and Group III Entries Under a Veil-Piercing And/Or Alter Ego Theory, Defendants deny the allegations.

123. Denies the allegations contained in Paragraph 123 of the Complaint.

124. Denies the allegations contained in Paragraph 124 of the Complaint.

125. Denies the allegations contained in Paragraph 125 of the Complaint.

126. Admits the allegations contained in Paragraph 126 of the Complaint.

127. As it pertains to Paragraph 127, admits that Hospitality has no website or publicly advertised corporate identity. Denies that Hospitality has no reputation.

128. Admits the allegations contained in Paragraph 128 of the Complaint.

129. Denies disregarding the separate corporate existences between Hospitality, AFM, and AFI and evading payment of antidumping duties to the the United States. The remaining allegations in Paragraph 129 of the Complaint states legal conclusions to which no response is required. To the extent a response to this allegation is required, Defendants deny.

130. Denies the allegations contained in Paragraph 130 of the Complaint.

131. Denies the allegations contained in Paragraph 130 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim against Defendants upon which relief can be granted;

2. Plaintiff's complaint and all purported causes of action therein are vague, ambiguous, and uncertain;

3. This action is barred by laches;

4. This action is barred by estoppel, including but not limited to, Plaintiff's ceasing of providing bills for Group I entries and Plaintiff's failure to bill Defendants for any Group II and Group III duties as required by the CBP Regulations, 19 C.F.R. § 24.3;

5. Plaintiff failed to remit or mitigate damages with any administrative process;

6. Amy Sivixay is not personally liable for duties assessed on the Group I, Group II, and Group III entries under, including but not limited to, a veil-piercing and/or alter ego theory;

7. Defendants are not jointly and severally liable because, including but not limited to, Defendants operated as separate legal entities and there is no cause for a veil-piercing and/or alter ego theory;

8. Plaintiff has failed to join Aspects Furniture International, Inc.'s CEO, CFO, Secretary, and director, Dean E. Clark, who is an indispensable party to this case; and

9.  Defendants were not served process for AFI's Group II and Group III entries.

## CROSS-CLAIMS

1.  That if the Plaintiff prevails on any claims against AFM, Hospitality, and/or Amy Sivixay regarding AFI's Group II and Group III entries, they were brought about by the actions of the co-defendant (and Dean E. Clark) in this action, and if AFM, Hospitality, and/or Amy Sivixay are found liable as to the Plaintiff for the claims alleged in the complaint, then the co-defendant (and Dean E. Clark) in this action should be held liable to AFM, Hospitality, and/or Amy Sivixay and AFM, Hospitality, and/or Amy Sivixay would then be entitled to judgment over and against the co-defendant (and Dean E. Clark) for the full amount of any judgment that may be rendered or for any part thereof on the basis of said determination; and the co-defendant (and Dean E. Clark) will be liable over jointly and severally to AFM, Hospitality, and/or Amy Sivixay and bound to fully indemnify and hold AFM, Hospitality, and/or Amy Sivixay harmless for the full amount of any verdict or judgment that may be recovered against AFM, Hospitality, and/or Amy Sivixay in this action, including all costs of investigation, disbursements, expenses, interest and attorneys' fees incurred in the defense of this action and in conduct of this cross-claim.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issue so triable.

**WHEREFORE**, Defendants pray that:

1.  The Court enter judgment in its favor against Plaintiff, dismissing the Complaint against Defendants;

2.  Holding unlawful Plaintiff's demand for duties;

3. To the extent that Plaintiff was damaged, any violation occurred despite Defendant's good faith effort to comply with U.S. customs laws;

4. For attorney's fees, costs, and expenses incurred in defending this cause of action;

5. Refunding duties overpaid to U.S. Customs together with lawful interest as provided by law; and

6. Such other relief as the Court deems just and proper.

Respectfully submitted,
  /s/ Kyl J. Kirby
Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
Attorney for Defendants ASPECTS FURNITURE MANUFACTURING, INC., HOSPITALITY ENGINEERING SERVICES, INC., and AMY AMPHAY SIVIXAY

Date: September 8, 2025